# EXHIBIT B



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

(B)
Received by
OCWEN LAW DEPARTMENT
FEB 03 2009
Initials: Acc Lawsuit

LUIS IVAN POBLETE
Vs.
INDYMAC BANK

C.A. No. 2009 CA 000453 R(RP)

ocwen named

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge CHERYL M LONG
Date: January 27, 2009
Initial Conference: 9:30 am, Friday, May 15, 2009
Location: Courtroom 518
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield




**CA Form 1**

# Superior Court of the District of Columbia

**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

LUIS IVAN POBLETE
4130 16th ST NW
WASHINGTON DC 20011 *Plaintiff*

Civil Action No. 0000453-09

vs.

OCWEN LOAN SERVICING, LLC
12650 INGENUITY DR
ORLANDO FLORIDA 32826 *Defendant*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

W S BACH
Name of Plaintiff's Attorney

717 D ST NW #400
Address
WASHINGTON DC 20004

202 737 2930
Telephone

By [signature]
Deputy Clerk

Date 1/27/09

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Luis Ivan Poblete
4130 16th Street N.W.
Washington D.C. 20011-7004
Plaintiff, *

CA: 0000453-09

FILED
Clerk's Office
JAN 27 2009
Superior Court of the
District of Columbia
Washington, D.C.

Vs.

INDYMAC BANK *
6900 BEATRICE DRIVE
KALAMAZOO, MI 49009

OCWEN LOAN SERVICING, LLC *
12650 INGENUITY DRIVE
ORLANDO FLORIDA 32826

UNITED SECURITY MORTGAGE *
868 EAST 5900 SOUTH
MURRY, UTAH 84107

NEW CENTURY MORTGAGE CORPORATION *
18400 VON KARMAN SUITE 1000
IRVINE, CA 92612

The Washington Finance Group, LLC *
(Century Finance Funding)
616 Emerson Street NW
Washington DC 20011

RED BOX SETTLEMENTS *
1612 U STREET NW
SUITE 405
WASHINGTON DC 20009

COMPLAINT FOR FRAUD AND DISHONEST TRADE TRANSACTIONS AND

FALSIFICATION OF LOAN DOCUMENTS

The Plaintiff, Luis Ivan Poblete (further referred to as Luis) The property in question is 4130 16th street NW Washington DC 20011. The court has jurisdiction in all issues presented in this law suit.

Contract was made, signed, and closed in Washington DC and Plaintiff is a resident of the District. .Suit is filed by William S. Bach, Esquire and avers the following facts in this case and declares them true. All defendants are jointly and severally liable

FACTS

1 This law suite involves a large mortgage scam that has spread in the Mid-Atlantic States which has bilked homeowners of billions of dollars of lost equity, and threatens these families with imminent foreclosure. Defendants did willfully participate; these so called real estate professionals, mortgagees, licensed mortgage brokers, title insurance companies, lawyers and settlement agents who orchestrated the whole scheme.

2 Hundreds of Maryland, Virginia and the District of Columbia families entered into refinancing and purchases of their homes were not fully advised as to the real terms of the mortgage. Interest and fees were not as presented in the initial negotiations that were finally settled on.

3 This law suite was facilitated by real estate professionals whose sole motive was to enrich themselves and their extravagant lifestyles at the

expense of hard working citizens of the District of Columbia.

4. In this case are systematic of the 2,000 plus cases in Prince Georges County and Washington metropolitan area.

Defendants by fraudulent and deceptive business practices jointly and severally used bait and switch tactics and made a loan that could not be paid by plaintiff.

Plaintiff, was to receive a market rate and did not get the rate as quoted by mortgage broker. The real estate professional reduced their liability and created a false transaction on paper which appeared to be legitimate but was actually an elaborate scheme to defraud homeowners. Wall street packaged the loans and put their approval on them as prime investments. The over seas banks and their depositors were just as defrauded as to the quality of the loans. Loans were sold as triple A investments. European banks could not protect themselves or their depositors as they purchased billions of dollars in sub prime loans. They have since filed law suits against the securities companies for fraud.

5 The mortgage broker received the yield illegal spread premium and acted with malice, intent, knowledge; they represented both parties.

6 The negative impact for all homeowners in the District of Columbia as a result of this scam. Hundreds of homeowners will lose their homes and neighborhoods will lose millions in home values and impact the entire city.

7. This contract violates section 28-3904 ® of CPPA, Prohibits the making of Unconscionable Contract by charging more then 3.75% (points) for a residential loan refinance.

INTRODUCTION

This case has been instituted pursuant to a) the D.C. Consumer Protection Act ("CPPA"), sections 28-3901, et seq., D.C. Code, b) the D.C. Loan Shark Act sections 26-901, et seq., D.C. Code, c) the D.C. Interest and Usury Law, sections 28 3301, et seq., D.C. Code 3) the D.C. Consumer Credit Services Amendment Act. Sections 28-4601, et seq., D.C. code, e) and the Home Ownership Equity Protection Act ("HOEPA"), Board Regulation Z., 12 C.F.R. section 226

Defendants, jointly and severally, have a) committed acts of intentional misrepresentation (fraud) against plaintiff; b) violated the D.C. consumer Protection Act ("CPPA"), sections 28-3901, et seq., D.C. code , c) violated the D.C. Interest and Usury Law, sections 28-3301, et seq., D.C. code, e) violated the D.C. Consumer Credit Services Amendment Act, sections 28-4601, et seq., D.C. Code, f) and the Home Ownership Equity Protection Act ("HOEPA") and Board regulation Z., 12 C.F.R. section 226, g) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. sections 2601, et seq., h) breached their fiduciary duties, I unlawfully converted plaintiff's property, j) committed injurious falsehood, disparagement, and slander of title, k) were unjustly enriched, i) breached their contract with

plaintiffs, thereby also entitling plaintiffs to m) a declaratory judgment and n) quiet title

Upon information and belief the Mortgagee is not licensed to do business in Washington D.C.

The affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and fraud in preparing and recording the noted documents.

CHARGE I. FRAUD

The defendant, INDYMAC BANK, OCWEN LOAN SERVICING, UNITED SECURITY MORTGAGE, NEW CENTURY MORTGAGE CORP, WASHINGTON FINANCE GROUP AND RED BOX SETTLEMENTS Negotiated a loan without checking the income of LUIS, Luis was not a qualified buyer and the interest only loan was tailored to make the loan closed and packaged for resale. Mortgagee knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material facts in order to induce Plaintiff to enter the transaction. Plaintiff reasonably relied on the representation in executing the subject loan transaction. Defendants carried out a systematic scheme that affected MINORITIES and individuals who lacked the full knowledge of real estate fees and true cash flow expectations. Luis was set up for a default from day one. Defendant INDYMAC BANK, OCWEN LOAN SERVICING, UNITED SECURITY MORTGAGE, NEW CENTURY MORTGAGE CORP,

WASHINGTON FINANCE GROUP would arrange for mortgages substantially more then the value of the property. Luis's loan were $688000.00 and a second trust of $177000.00 This was a 100% loan to an unqualified buyer. Outrageous fees and charges at the time of closing were gorged from the borrower

Additional fees were paid to the mortgage broker by the bank for the interest rate that gave a yield increase to the detriment of luis. Mortgage broker worked both sides of the loan transaction Mortgage broker was not licensed to do business in the district of Columbia.

Plaintiff is in possession of the property and has continued to improve the property. Plaintiff has suffered substantial economic harm including but not limited to possible lost of his home. The interest rates were not competitive but unreasonable.

The finance scam orchestrated by the defendants jointly and severally, created a conspiracy which they all benefited; including the lawyers and brokers who received finder's fees.

The loans were improperly, unfairly and illegally made and all were enriched by willful, systematic and taking illegal advantage of plaintiff.

The defendants have engaged in will full, systematic and widespread violations of the Federal Racketeer influenced and corrupt organizations act (RICO). The Real Estate Settlements Procedures Act(RESPA). Rico provides protection against patterns of racketeering, which consist of the repeated

violations of predicate acts which are criminal in nature including mail fraud and wire fraud.

RESPA is a consumer protection statue that regulates the settlement procedures in real estate transaction, which requires the consumers, both buyers and sellers receive full disclosure at various times in the transaction, and which outlaws kickbacks or unearned fees as in this case and the true costs at the settlement table. Selected and identified settlement companies which were know to have overlooked the standard closing formalities. Junk fees and settlement-sheet add-ons must be for actual services performed. Plaintiff's loan was an illegal transaction. Mortgagee received huge fees paid to loan brokers. There was a lack of prudence shown by the title company and or its agents. Title company closed so many other similar loans that they had to know what was going on and failed to stop it. The defendants had a duty of fair dealing. The HUD documents will show large amounts of fees and cost paid to the Defendants and no one questioned the amounts.

COUNT TWO

The HUD1) I disbursements were fraudulently filed and subject to $500,000.00 fine and a year in jail. All documents did not comport with the obvious reality of the closing amounts and Luis was blind to them. Brokers and Bank loan officers had a duly to explain the fees and payments. There were obvious constructive notice of 'the outrageous irregularities and illegalities apparent to all with the exception of the Plaintiff. The attorney willfully blinded herself along with the closing agent to the obvious illegalities

in the transaction. As agents for the title company they acted in wanton disregard for the rights of the Plaintiff and are subject to the damages claimed in this matter. The title company would have been negligent for not inquiring to the obvious fraudulent act of the sellers, mortgagees and brokers.

COUNT THREE

Plaintiff hereby recite and incorporate all of the foregoing paragraphs as fully as if made again originally and further states:

The CPPA applies to all real estate transactions, including but not limited to all real estate transactions, including both the sale of real estate and credit transactions involving real estate.

Plaintiff is a "consumer" within the meaning of D.C. Code section 28-3901 (a)(2). And a "trade practice" within the meaning of the D.C. Code sections 28-3901(a)(6)

Sections 28-3904(e) and (f) make it a violation for any person to misrepresent a material fact that has a tendency to mislead a consumer or fail to state a material fact if such failure tends to mislead.

Sections 28-3904® of the CPPA prohibits the making of unconscionable contracts.

The Allegations of Count I arc incorporated additionally and cumulatively as violations of the CPPA.

Defendants jointly and severally and though their agents, employees and

affiliates. violated D.C. Code sections 28-3904(e) and (t) by making misrepresentations of material facts or by failing to state material facts, as described in Count l. Defendants made these statement of fact with the knowledge that they were false or that their omission would create a false understanding.

The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally. and deceitfully misrepresented and concealed facts regarding, their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants' willful, deceitful, and deliberate Misrepresentations to their detriment.

Plaintiff was injured as a result of defendants conduct and is entitled to actual and consequential damages. Defendants conduct was egregious and committed into or willful disregard of plaintiffs' right warranting the imposition of punitive damages

Wherefore Plaintiff respectfully requests:

*A. All* documents be declared null and void and no further force and effect;

B. That this Court award all such other and further relief as, in the name of justice and in consideration of the nature of Plaintiffs' cause, it may deem just and proper

Plaintiff would not be able to refinance the property and get loans that would enable the owner to rep. his property, D.C. Code section 29-3904(r) by making an Unconscionable contract

Defendant's actions constituted unfair and deceptive practices with the meaning of the CPPA.

COUNT FOUR

(Violation of the D.C. Loan Shark Act, D.C. Code, Sections 26-901, et seq,.Defendants

Plaintiff hereby recite and incorporate all of the foregoing paragraphs, as fully As if made again originally, and further state:

District of Columbia law makes it unlawful to engage in the business of loaning money at an interest rate in excess of 6 percent without procuring a license. D.C. Code section 26-901, et seq.

Violation of the D.C. Interest and Usury Law, D.C. Code, section 28-3301 – All defendants

Plaintiff hereby recite and incorporate all of the foregoing paragraphs, as full as if made again originally, and further states:

Defendants failures to reveal and deliver material disclosures to Plaintiffs-required in connection with the said subject transaction, as outlined in the aforesaid Count III. Also violate D.C. Code section 28-3301 (F)(3), thereby entitling Plaintiff to actual and punitive damages, plus interest, costs, and attorney's fees.

The Subject equitable mortgage transaction described above is a "federally related mortgage loan" as defined in 12 U.S.C. Section 2602(1), and therefore is subject to the Real Estatc Settlement Procedures Act ("RESPA"), 12 U.S.c. Section 2601 et seq. U.S.C. Section 2607(a) and 24 C.F.R. section 3500.14(c); and (b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. Section 2607(a) and 24 C.F.R. Section 1500.14(c).

Defendants jointly and severally violated their duties what include, but are not limited to a duty to act in good faith for the benefit off Plaintiffs in faithfully executing duties required by the Real Estate Settlement Procedures Act, as well as to act in good

faith and to disclose all material information.

As a direct and proximate result of the Defendants breach of their fiduciary duties, the Plaintiff was damaged.

The Defendants breached their fiduciary duties and obligations owed to the Plaintiff intentionally, maliciously, fraudulently and in conscious disregard of the rights Of and likelihood of ...

Defendants jointly and severally. Had a duty of due diligence to ascertain that the transaction being performed by Defendants was not illegal or otherwise improper and determine the legitimacy of the transaction.

The settlement company had to use due diligence to ascertain that the transaction being performed by the Defendants.

This declaratory judgment action is brought pursuant to D.C. SCR Civil Rule 57'or the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

WHEREFORE Luis Poblete requests this Court award him $ 3,000,000.00 in Compensatory damages, and $5,000,000.00 in punitive damages and Court cost and attorney fees in the amount of 15% and other fees and further relief as the nature of this case may require.

Respectfully submitted

W S Bach

William S. Bach, Esquire
717 D Street, N.W.
Suite 400
Washington D.C. 20004
301-737-2930 Bar #448392
Attorney for plaintiff