## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LUIS IVAN POBLETE,     :
            :
    Plaintiff,    :  Civil Action No.:  09-0286 (RMU)
            :
    v.      :  Re Document Nos.:  5, 16
            :
INDYMAC BANK *et al.*,    :
            :
    Defendants.   :

### MEMORANDUM OPINION

**GRANTING DEFENDANT OCWEN LOAN SERVICING'S
MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
DEFENDANT UNITED SECURITY FINANCIAL'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the court on the motions to dismiss filed by two of the

defendants in this case, Ocwen Loan Servicing, L.L.C. ("Ocwen") and United Security Financial

("USF").[1]  The plaintiff commenced this action after allegedly being victimized by a fraudulent

loan transaction through which he purchased real estate at 4130 16th Street, Northwest, in the

District of Columbia.  The plaintiff accuses the defendants of committing fraud and violating the

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, the D.C.

Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq.*, and the D.C.

Loan Shark Act, D.C. Code §§ 26-901 *et seq.*  Defendants Ocwen and USF move to dismiss the

complaint.  For the reasons discussed below, the court treats Ocwen's motion to dismiss as one

for summary judgment and grants that motion on the basis of res judicata.  In addition, the court

grants in part and denies in part USF's motion to dismiss.

---

[1]  The plaintiff erroneously refers to USF as "United Security Mortgage" in the complaint.
*See* Compl. at 1.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff's four-count complaint shuns basic principles of grammar and syntax and therefore fails to achieve even a rudimentary degree of clarity or brevity.  The court can, however, discern that the complaint stems from a loan transaction that the plaintiff entered into with at least one of the defendants to facilitate the purchase of real estate in the District of Columbia.  The plaintiff alleges that the "[d]efendants[,] by fraudulent and deceptive business practices[,] jointly and severally used bait and switch tactics and made a loan that could not be paid by plaintiff."  Compl. ¶ 4.  The defendants' conduct, the plaintiff contends, was part of "an elaborate scheme to defraud homeowners."  *Id.*

Ocwen moves to dismiss, arguing *inter alia* that the plaintiff's claims against it are barred by the doctrine of res judicata because the plaintiff filed a previous complaint against it, which "contain[ed] strikingly similar allegations to the instant complaint" and was dismissed by Judge Henry H. Kennedy on January 27, 2009.  Ocwen's Mot. at 2.  Because consideration of Ocwen's res judicata argument requires the court to examine matters outside the pleadings – namely, the filings in the previously dismissed case – the court will treat Ocwen's motion as one for summary judgment.  FED. R. CIV. P. 12(d); *see, e.g.*, *Walker v. Seldman*, 471 F. Supp. 2d 106, 111 (D.D.C. 2007), *aff'd*, 2008 WL 4682659 (D.C. Cir. Apr. 8, 2008); *Croskey v. U.S. Office of Special Counsel*, 9 F. Supp. 2d 8, 10-11 (D.D.C. 1998), *aff'd*, 1999 WL 58614 (D.C. Cir. Jan. 12, 1999) (noting that "[i]n the event matters outside the pleadings are presented to and not excluded by the court, and the court assures itself that such treatment would be fair to both parties, a motion to dismiss may be treated as one for summary judgment").

USF also moves to dismiss the claims against it under Federal Rules of Civil Procedure 8, 9 and 12(b)(6). *See generally* USF's Mot. The plaintiff opposes both defendants' motions. *See* Pl.'s Opp'n to Ocwen's Mot.; Pl.'s Opp'n to USF's Mot. The court turns now to the applicable legal standards and the parties' arguments.

## III.  ANALYSIS

### A.  The Court Grants Defendant Ocwen's Motion for Summary Judgment

#### 1.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

## 2.  Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.  *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "Whether two cases implicate the same cause of action turns on whether they

share the same 'nucleus of facts.'" *Id.* (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).  In making that determination, courts look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983).

In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

5

### 3.  Res Judicata Bars the Plaintiff's Claims Against Ocwen

Ocwen urges the court to dismiss the claims against it based on claim preclusion. Ocwen's Mot. at 2-3.  In support of this argument, Ocwen notes that the plaintiff brought, and Judge Kennedy dismissed,[2] a previous action against it ("*Poblete I*") "contain[ing] strikingly similar allegations to the instant complaint."  *Id.* at 2.  Because Judge Kennedy dismissed *Poblete I*, Ocwen claims that res judicata bars the instant claims.  *Id.* at 2-3.

The plaintiff opposes Ocwen's motion, arguing that because Judge Kennedy did not specify whether he was dismissing *Poblete I* with or without prejudice, the court should infer that *Poblete I* "was dismissed without prejudice and can be brought again."  Pl.'s Opp'n to Ocwen's Mot. at 3.  The plaintiff also argues, without elaboration, that none of the factors in the res judicata analysis have been satisfied here.  *Id.* at 3-4.

As a preliminary matter, the court notes that the plaintiff's assertion that the court should construe the dismissal of *Poblete I* as one without prejudice is flatly inconsistent with the language of Rule 41(b).  *See* FED. R. CIV. P. 41(b) (stating that "[u]nless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (noting that "'[w]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'") (citations omitted). Therefore, the dismissal of *Poblete I* "bars a second suit involving identical parties or their

---

[2]      Judge Kennedy dismissed the complaint as conceded pursuant to Local Civil Rule 7(b), which states that if an opposition to a motion "is not filed within the prescribed time, the Court may treat the motion as conceded."  *See* Order, *Poblete v. New Century Mortgage*, Civil Action No. 18-1948 (Jan. 27, 2009).

privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979).

The Circuit has "embraced the Restatement (Second) of Judgments' pragmatic, transactional approach to determining what constitutes a cause of action" for res judicata purposes. *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). The Circuit has explained that "[i]n addressing the cause-of-action question, the Restatement speaks in terms of a transaction or series of transactions and gives 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 23(2) (1982)).

The instant complaint is nearly identical to the complaint dismissed in *Poblete I*. It contains a nearly verbatim recitation of the facts underlying the complaint, *compare* Compl., *Poblete v. New Century Mortgage*, Civil Action No. 08-1948 (Oct. 15, 2008) ("*Poblete I* Compl."), at 2-4 *with* Compl. at 2-4, and contains all of the claims contained in *Poblete I* with nearly identical wording, *compare Poblete I* Compl. at 4-8 *with* Compl. at 5-8, as well as two additional claims not asserted in *Poblete I*, *see* Compl. at 8-11. Notably, however, the two complaints relate to different pieces of property. *Compare Poblete I* Compl. at 2 (stating that "[t]he property in question is 340 Decatur Street NW Washington D.C. 20011") *with* Compl. at 2 (stating that "[t]he property in question is 4130 16th Street NW Washington DC 20011").

Nonetheless, the court concludes that the two complaints arise from the same series of transactions and are sufficiently related to constitute the same cause of action. *See U.S. Indus.*, 765 F.2d at 205-06. The plaintiff himself characterizes both complaints as arising from a

7

widespread "mortgage scam." Compl. at 2. Further, although the plaintiff does not specify when

the transactions referred to in *Poblete I* and the instant complaint took place, he commenced the

two actions in the Superior Court within approximately three months of each other. Finally, the

fact that the two complaints are largely verbatim and name an almost identical group of

defendants[3] suggests that they would have formed a convenient trial unit. *See Hobley v. KFC*

*U.S. Props., Inc.*, 2006 WL 249981, at *4 (D.D.C. Jan. 31, 2006) (citing *U.S. Indus.*, 765 F.2d at

206) ("finding it relevant – indeed, 'pivotal' – that 'the facts [plaintiff] chose to assert as relevant

in each of the two complaints [were] nearly identical'"). As a result, the dismissal of *Poblete I*

bars the instant claims against Ocwen.

The fact that *Poblete I* was dismissed as conceded pursuant to Local Civil Rule 7(b), *see*

Order, *Poblete v. New Century Mortgage*, Civil Action No. 18-1948 (Jan. 27, 2009) is of no

moment, given that the purpose of claim preclusion is "[t]o preclude parties from contesting

matters that they have had a full and fair *opportunity* to litigate." *Montana v. United States*, 440

U.S. 147, 153 (1979) (emphasis added); *see also Proctor v. Millar Elevator Serv. Co.*, 8 F.3d

824, 825-26 (D.C. Cir. 1993) (upholding the dismissal of the suit based on res judicata after a

previous, identical complaint had been dismissed because the plaintiff's counsel failed to

prosecute the case); *Mitchell v. Bannum Place of Wash., D.C., Inc.*, 532 F. Supp. 2d 104, 107

(D.D.C. 2008) (dismissing the action based on res judicata because an almost identical suit had

---

[3]     The plaintiff brought the instant complaint against Indymac Bank, Ocwen, USF, New Century
Mortgage Corporation, the Washington Finance Group and Red Box Settlements, *see* Compl. at
1, whereas *Poblete I* was brought against New Century Mortgage Corporation, the Washington
Finance Group, Red Box Settlements, America's Servicing Company and Ocwen, *see Poblete I*
Compl. at 1.

previously been dismissed as conceded).  Consequently, the court grants Ocwen's motion for summary judgment and dismisses the claims against it.

**B.  The Court Grants in Part and Denies in Part Defendant USF's Motion to Dismiss**

**1.  Legal Standard for a Rule 9(b) Motion to Dismiss**

Rule 9(b) requires that a pleader state with particularity the circumstances constituting fraud or mistake.  FED. R. CIV. P. 9(b).  Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated and protects him against a strike suit brought solely for its settlement value. *Shields v. Wash. Bancorp.*, 1992 WL 88004, at *4 (D.D.C. Apr. 7, 1992); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (observing that Rule 9(b) aims to prevent a claim filed as a "pretext for the discovery of unknown wrongs" (citation omitted)); *Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 777-78 (7th Cir. 1994) (recognizing that Rule 9(b) is largely designed to give each opponent notice of his purported role in the alleged fraud); *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (same).

Because the rule is chiefly concerned with the elements of fraud, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud.  *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002); *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981).  In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of the fraud.  *DiLeo v.*

*Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990) (requiring

the pleader to provide the equivalent of a "first paragraph of any newspaper story").  Following

the same line of reasoning, a pleading subject to Rule 9(b) scrutiny may not rest on information

and belief, but must include an allegation that the necessary information lies within the

opponent's control, accompanied by a statement of the facts on which the pleader bases his

claim.  *Kowal*, 16 F.3d at 1279 n.3.

That said, Rule 9(b)'s particularity requirement does not abrogate Rule 8's general

requirements that a pleading contain a short and plain statement of the claim, and that each

averment be simple, concise and direct.  *Id*. at 1278 (citing *Cannon*, 642 F.2d at 1385); FED. R.

CIV. P. 8.  Rule 9(b) simply requires the pleader to provide a higher degree of notice by

adequately alleging all of the requisite elements for the cause of action invoked.  *Alicke v. MCI

Commc'ns Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*,

298 F.3d 736, 746 (8th Cir. 2002).  Additionally, while the court must take as true all allegations

of material fact and construe them in the light most favorable to the pleader in resolving a Rule

9(b) challenge, the pleader nevertheless must satisfy his burden by stating with particularity the

supporting factual allegations for his claim.  *Kowal*, 16 F.3d at 1278 (citing *Wool v. Tandem*, 818

F.2d 1433, 1439 (9th Cir. 1987)); *Shields*, 1992 WL 88004, at *7; *see also One-O-One Enters.,

Inc. v. Caruso*, 668 F. Supp. 693, 697-99 (D.D.C. 1987), *aff'd*, 848 F.2d 1283 (D.C. Cir. 1988)

(explaining that the pleader must allege with particularity the alleged fraud to survive a Rule 9(b)

motion).

Where a pleading does not satisfy the heightened requirements of Rule 9(b), the court

should freely grant leave to amend.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir.

1996) (recognizing that courts almost always grant leave to amend to cure deficiencies in

pleading fraud).  Accordingly, the court should reserve dismissal with prejudice for "extreme

situations where the pleader has had the opportunity to cure any deficiencies but either has not or

cannot do so."  *Shields*, 1992 WL 88004, at *5.

### 2.  The Court Dismisses Counts One and Two Without Prejudice

USF asserts that the court should dismiss the claims of fraud raised in Counts One and

Two of the complaint because the plaintiff fails to plead fraud with the requisite degree of

particularity.  USF's Mot. at 2-4.  The plaintiff disagrees, maintaining that he has "adequately

identifie[d] the factual circumstances of the misrepresentations" by identifying who was

responsible for the alleged misrepresentations, "[t]he content of what was [allegedly]

misrepresented," "the specific loan which he believes was fraudulent" and the value of the loan

at issue.  Pl.'s Opp'n at 1-3.

Count One consists of diffuse and conclusory allegations that the defendants deliberately

misrepresented material facts to induce the plaintiff to enter into the transaction at issue.  *See*

Compl. at 5-7.  These allegations fall far short of Rule 9's heightened pleading requirements.

The plaintiff has failed to specify when and where the loan transaction at issue took place, what

role each individual defendant played in the alleged fraud and what specific misrepresentations

allegedly constituted the fraud.  *See Vicom*, 20 F.3d at 777-78; *DiVittorio*, 822 F.2d at 1247.  The

plaintiff has also failed to indicate specifically what each defendant retained or what he lost as a

consequence of the alleged fraud.  *See United States ex rel. Totten*, 286 F.3d at 551-52.  As a

result, the court dismisses Count One without prejudice.  The court will grant the plaintiff leave

to amend his complaint to plead Count One with the requisite degree of specificity. *See*

*Firestone*, 76 F.3d at 1209.

The court also dismisses Count Two without prejudice. This count, in its entirety, states

as follows:

> The HUD1) I [sic] disbursements were fraudulently filed and subject to [a] $500,000.00 fine and a year in jail. All documents did not comport with the obvious reality of the closing amounts and [the plaintiff] was blind to them. Brokers and Bank loan officers had a duly [sic] to explain the fees and payments. There were obvious constructive notice [sic] of []the outrageous irregularities and illegalities apparent to all with the exception of the Plaintiff. The attorney willfully blinded herself along with the closing agent to the obvious illegalities in the transaction. As agents for the title company they acted in wanton disregard for the rights of the Plaintiff and are subject to the damages claimed in this matter. The title company would have been negligent for not inquiring to the obvious fraudulent act of the sellers, mortgagees and brokers.

Compl. at 7-8. Although this count is nearly impossible to understand, the court gathers that the

plaintiff is alleging that the defendants committed fraud in connection with the execution of the

HUD-1 Settlement Statement. *See Stith v. Thorne*, 488 F. Supp. 2d 534, 558 (E.D. Va. 2007)

(noting that "one goal of RESPA is to provide 'more effective advance disclosure to home buyers

and sellers of settlement costs'" and that "HUD-1s are a key part of this disclosure process; they

must be provided at or a day before settlement and must succinctly explain to a home buyer and

seller the charges and fees that will be incurred in the transaction") (citing 12 U.S.C. §§

2601(b)(1), 2603(a)). As is the case with respect to Count One, the plaintiff has failed to specify

when and where the alleged fraud took place, what role each individual defendant played in the

alleged scheme, what specific misrepresentations underlie the allegation of fraud and what each

defendant gained or what he lost as a consequence of the alleged fraud. *See Vicom*, 20 F.3d at

777-78; *DiVittorio*, 822 F.2d at 1247; *United States ex rel. Totten*, 286 F.3d at 551-52.

Therefore, the court dismisses Count Two without prejudice, but will grant the plaintiff leave to amend his complaint to plead this count with the requisite degree of particularity.[4]

### 3. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

---

[4]     It is far from clear that the allegations contained in Count Two give rise to a private cause of action. *See Stith v. Thorne*, 488 F. Supp. 2d 534, 558 (E.D. Va. 2007) (stating that "the courts to have addressed the issue have concluded that Section 2603 [of RESPA, which dictates the creation and use of the HUD-1 Settlement Statement,] does not provide a private cause of action for its violation") (citing *Morrison v. Brookstone Mortgage Co.*, 415 F. Supp. 2d 801, 805-06 (S.D. Ohio 2005); *Reese v. 1st Metro. Mortgage Co.*, 2003 WL 22454658, at *4-5, (D. Kan. Oct. 28, 2003).  The court, however, will await a clearer articulation of the plaintiff's claim before determining whether RESPA gives rise to a private cause of action for the defendants' alleged misconduct. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997) (contrasting provisions of RESPA that provide for civil remedies with provisions of RESPA that do not create a private cause of action).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 557. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

**4. The Court Denies USF's Motion to Dismiss Count Three**

USF urges the court to dismiss Count Three, which alleges a violation of the CPPA. USF's Mot. at 4-5. USF contends that the plaintiff "does not, and cannot, allege that the mortgage at issue here is a consumer transaction" giving rise to a CPPA claim because "[t]he property at issue here was purchased as an investment property, not as a personal residence." *Id.* at 4. "In sum," USF argues, "the mortgage transaction at issue here was a commercial

transaction, not a consumer transaction," and therefore the CPPA claim fails as a matter of law. *Id.* at 4-5.

The CPPA, by its terms, applies only to consumer transactions, *e.g.*, purchasing property for use as a primary residence, and not to commercial transactions, *e.g.*, purchasing property as a financial investment. *See* D.C. Code § 28-3901(a)(2) (stating that "'consumer' describes anything, without exception, which is primarily for personal, household, or family use"); *Adam A. Weschler & Son, Inc. v. Klank*, 561 A.2d 1003, 1005 (D.C. 1989) (observing that "[t]ransactions along the distribution chain that do not involve the ultimate retail customer are not 'consumer transactions' that the Act seeks to reach. Rather, it is the ultimate retail transaction between the final distributor and the individual member of the consuming public that the Act covers) (citing *Indep. Commc'ns Network, Inc. v. MCI Telecomms. Corp.*, 657 F. Supp. 785, 787-88 (D.D.C. 1987)). The plaintiff maintains that "while it is true that the property at issue is *currently* an investment property, [he] *purchased* the property as his personal residence." Pl.'s Opp'n to USF's Mot. at 3. USF offers no reply in support of its motion to dismiss this count. Because at this stage of the proceedings the court must treat the plaintiff's factual allegations as true, *see Macharia*, 334 F.3d at 67, the court denies USF's motion to dismiss Count Three.

### 5. The Court Dismisses Count Four With Prejudice

USF contends that the court should dismiss Count Four for failure to state a claim. USF's Mot. at 5. This count asserts a violation of the D.C. Loan Shark Act, *see* Compl. at 9-11, which USF contends, *inter alia*, does not apply to loans exceeding $25,000, *see* USF's Mot. at 5. Because the plaintiff states in the complaint that his "loan[s] were $688000.00 and a second trust

15

of $177000.00," Compl. at 6, USF maintains that the plaintiff cannot obtain relief based on the

D.C. Loan Shark Act, *see* USF's Mot. at 5.

The plaintiff fails to address this argument in his opposition to USF's motion to dismiss.

*See generally* Pl.'s Opp'n to USF's Mot.  As a result, the court may treat the argument as

conceded.  *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *FDIC v. Bender*,

127 F.3d 58, 67-68 (D.C. Cir. 1997)).  At any rate, USF is correct in recognizing that the D.C.

Loan Shark Act explicitly exempts from its coverage loans greater than $25,000.  D.C. Code §

26-912(a)(5).  As a result, it is clear from the face of the complaint that the plaintiff cannot

prevail on this claim, and the court therefore grants USF's motion to dismiss this count.

### 6.  Legal Standard for a Rule 8 Motion to Dismiss

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading.  FED. R. CIV. P.

8.  Under Rule 8(a), a complaint must contain "a short, plain statement of the claim showing that

the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  In addition, Rule 8(e) requires that "each

averment of a pleading . . . be simple, concise, and direct."  FED. R. CIV. P. 8(e).

The purpose of pleading is to give an adverse party fair notice of the claim so as to permit

the party the opportunity to "file a responsive answer, prepare an adequate defense and determine

whether the doctrine of res judicata is applicable."  *Prows v. Dep't of Justice*, 1991 WL 111459,

at *1 (D.D.C. June 13, 1991) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).  The

court or opposing party must be able "to understand whether a valid claim is alleged and if so

what it is."  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

**7. The Court Dismisses All Remaining Claims Without Prejudice Under Rule 8**

USF characterizes the complaint as "a hodgepodge of random factual allegations and conclusory assertions" that "is devoid of any coherent set of allegations that, on their face, establish plausible grounds for relief." USF's Mot. at 2. As a result, USF urges the court to dismiss the complaint for failure to comply with the requirements set forth in Rule 8. *Id.* The plaintiff opposes the motion, maintaining that the complaint satisfies the pleading requirements and noting that the court should construe the complaint liberally in his favor. Pl.'s Opp'n to USF's Mot. at 1-3.

In addition to the claims addressed in the preceding sections, the complaint contains references to a host of other statutes and common law torts, interspersed with musings that extend far beyond the scope of the claims for relief. *See generally* Compl. These bald references to sources of relief fall far short of the specificity that Rule 8 requires. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (noting that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). As a result, the court dismisses all of the plaintiff's remaining claims without prejudice. *See Renshaw v. Renshaw*, 153 F.2d 310, 310-11 (D.C. Cir. 1946) (upholding the dismissal, without prejudice, of a complaint that failed to comply with Rule 8).

**IV. CONCLUSION**

For the foregoing reasons, the court grants defendant Ocwen's motion for summary judgment and grants in part and denies in part defendant USF's motion to dismiss. An Order

17

consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th

day of September, 2009.


                                          RICARDO M. URBINA
                                        United States District Judge