# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LUIS IVAN POBLETE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 09-0286 (RMU) |
| INDYMAC BANK *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DISMISSING THE CASE FOR FAILURE TO PROSECUTE

The plaintiff, through counsel, commenced this action in the Superior Court of the District of Columbia on January 27, 2009. *See generally* Compl. The action was removed to this court on February 12, 2009, *see* Notice of Removal, and defendant Ocwen Loan Servicing, LLC ("Ocwen") moved to dismiss shortly thereafter, *see generally* Def. Ocwen's Mot. to Dismiss. Defendant United Security Financial ("USF") subsequently filed a separate motion to dismiss. *See generally* Def. USF's Mot. to Dismiss.

In April 2009, the court temporarily stayed the case after learning that the plaintiff's counsel had been disbarred. *See* Minute Order (Apr. 2, 2009). New counsel entered his appearance on the plaintiff's behalf in July 2009, *see* Notice of Appearance (July 9, 2009), and simultaneously moved for a second stay of the case to afford him an opportunity to prepare his response to the motions to dismiss; *see* Pl.'s Mot. to Stay. The court granted that motion and stayed the case until August 7, 2009. *See* Minute Order (July 13, 2009).

After the defendants' motions to dismiss had been fully briefed, the court issued a memorandum opinion treating defendant Ocwen's motion to dismiss as one for summary

judgment, granting that motion and granting in part and denying in part defendant USF's motion to dismiss. *See generally* Mem. Op. (Sept. 28, 2009). On October 7, 2009, defendant USF filed a motion for clarification or reconsideration of the court's denial of its motion to dismiss as to count three of the complaint. *See generally* Def. Ocwen's Mot. for Clarification. The plaintiff filed no response to that motion.

The plaintiff's counsel subsequently filed a motion to withdraw as attorney for the plaintiff, explaining that the plaintiff had advised counsel that he would "no longer require [counsel's] representation." Pl.'s Mot. to Withdraw at 1. On April 14, 2010, the court granted the motion, stayed the case for a third time and gave the plaintiff until May 14, 2010 to have new counsel enter his appearance on his behalf. *See* Minute Order (Apr. 14, 2010).

On July 6, 2010, the court issued an order directing the plaintiff to show cause in writing on or before August 10, 2010, why this case should not be dismissed for failure to prosecute. *See generally* Order to Show Cause (July 6, 2010). The court noted that this case had been stayed on three separate occasions since its commencement and that the plaintiff had failed to offer any indication since August 2009 that he wished to continue to prosecute this case. *Id.* at 2. The court warned the plaintiff that if he failed to comply with the order to show cause, his case would be dismissed. *Id.* To date, the plaintiff has not responded to the order to show cause, nor has any new counsel entered an appearance on the plaintiff's behalf.

It is well-established that the court may dismiss an action for failure to prosecute "to prevent undue delays in the disposition of pending cases and to avoid congestion in [its] calendar[]." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also id.* at 633-34 (holding that "when circumstances [are] appropriate, a District Court may dismiss a complaint for failure

to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting"); LCvR 83.23.  Accordingly, it is this 17th day of August, 2010, hereby

**ORDERED** that this case is dismissed for failure to prosecute.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

3